UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LAWANA Y. HOWARD                                                         PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:12-cv-176-FKB

INGENESIS, INC., et al.                                          DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on Defendants' Motion to Dismiss (Docket No. 2) and Motion to Dismiss First Amended Complaint (Docket No. 13). Defendants' first motion was rendered moot by the filing of the amended complaint, and is, therefore, denied as moot.[1] For the following reasons, the Court concludes that Defendants' second motion to dismiss is not well-taken and is, therefore, denied except as to Count I of Plaintiff's First Amended Complaint.

*Rule 12(b)(6) Standard*

Both Defendants' motions were filed pursuant to Fed. R. Civ. P. 12(b)(6). Such motions are not favored and are sparingly granted. Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 570 (5th Cir. 2005). All allegations in the complaint must be taken as true, and all reasonable inferences must be drawn in favor of the plaintiff. Lormand v. US Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009). The Court is not to look beyond the pleadings. Cressman v. Ellis, 77 Fed. Appx. 744 (5th Cir. 2003); Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994).

"The function of a complaint under the Federal Rules is to give the defendant fair notice of plaintiff's claim and the grounds upon which plaintiff relies." Doss v. South Central Bell Tel.

---

[1]Since Plaintiff conceded her intentional infliction of emotional distress claim and did not include it in the amended complaint, that issue is not before the Court.

Co., 834 F.2d 421, 424 (5th Cir. 1987). "When presented with a Rule 12(b)(6) motion to dismiss, the district court must 'examine the complaint to determine if the allegations provide for relief on any possible theory.'" Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1357 at 602 (1969)).

*Plaintiff's First Amended Complaint*

Count I of Plaintiff's First Amended Complaint asserts a state law defamation claim. In response to Defendants' motion to dismiss, Plaintiff "voluntarily concede[d]" this claim. Docket No. 19 at p. 2, fn. 1. Accordingly, Defendants' motion should be granted as to Count I.

Count II asserts that Defendants discriminated against Plaintiff on the basis of her race in violation of Title VII: Count III alleges that Defendants retaliated against Plaintiff for exercising protected rights; and Count V asserts that Defendants violated the Americans with Disabilities Act (ADA) association clause by failing to grant Plaintiff leave to care for her disabled spouse. 42 U.S.C. § 12112(b)(4); 42 U.S.C. § 2000e, *et seq.* Defendants argue that the amended complaint is fatally flawed since it does not name as a defendant the same entity referenced in Plaintiff's EEOC charge. Plaintiff has sued Ingenesis Inc., Ingenesis Arora Professionals, LLC, and Ingenesis Arora Joint Venture, LLC in this case. Her EEOC charge, however, named Ingenesis Arora Medical Staffing. Docket Nos. 11; 11-1.

"[O]rdinarily, a party not named in an EEOC charge may not be sued under 42 U.S.C. § 2000e." Parks v. MDOT, 380 F. Supp. 2d 776, 779 (N.D. Miss. 2005). However, as noted by the Parks Court, there are exceptions to this general rule, such as where the unnamed defendant "has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary

2

compliance...." Eggleston v. Chicago Journeymen Plumbers' Local 130, 657 F.2d 890, 905 (7th Cir. 1981). Also, a party not named in an EEOC charge may be sued if "there is a clear identity of interest between it and the party named in the EEOC charge." Jones v. Truck Drivers Local Union No. 299, 748 F.2d 1083, 1086 (6th Cir.1984); see DeLaughter v. GI Associates and Endoscopy Center, 3:09-cv-568-DPJ-FKB (March 30, 2010). In order to make these determinations, this Court would be required to go beyond the pleadings filed in this case. Accordingly, these determinations cannot be made on a Rule 12(b)(6) motion.

Defendants next challenge Plaintiff's ADA association claim, Count V, on the basis that it was not part of Plaintiff's EEOC charge. Since the disability box on the EEOC complaint form was not checked, nor was "disability" specifically referenced in the charge, Defendants contend that Plaintiff has not exhausted administrative remedies with respect to her ADA claim. A lawsuit following an EEOC charge is limited to what might reasonably have been expected to grow out of the EEOC charge. Sanchez v. Standard Brands, Inc., 431 F.2d 455, 456 (5th Cir. 1970). However, the Court is to construe EEOC charges liberally. Id. Again, the Court finds that a determination on this issue cannot be made on the basis of the pleadings alone and, therefore, cannot be made *via* a Rule 12(b)(6) motion in this case.

With respect to Count III, retaliation, Defendants argue that Plaintiff has not pled with sufficient specificity what retaliatory acts she suffered and when. However, Plaintiff has alleged that she engaged in protected activity, described that activity, alleged retaliation and stated that she was terminated. She has set out the elements of a retaliation claim, see Long v. Eastfield College, 88 F.3d 300, 304 (5th Cir. 1996), along with sufficient facts to survive a Rule 12(b)(6) motion.

Count IV of the amended complaint sets out claims related to the Family and Medical Leave Act (FMLA). 29 U.S.C. § 2601, et seq. Plaintiff has made sufficient allegations in the amended complaint to put Defendants on notice of the exact nature of her claim. Plaintiff lists the reasons she requested leave, asserts that she was eligible, gives dates, and states that such leave was provided to other employees at her work site. Again, whether Plaintiff has a cognizable FMLA claim is not for determination on a Rule 12(b)(6) motion.

*Conclusion*

By Plaintiff's concession, Defendants' motion to dismiss as to Count I of Plaintiff's First Amended Complaint is granted, and Count I is dismissed with prejudice. Based on the foregoing, the motions to dismiss at Docket Nos. 3 and 13 are otherwise denied.

SO ORDERED, this the 10th day of July, 2012.

s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE